DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MARC E. MAYER (SBN 190969)
  mem@msk.com
EMILY F. EVITT (SBN 261491)
  efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone:   (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDGEEK S.À.R.L., MG PREMIUM LTD, MG CYPRUS LTD, MG CONTENT RK LIMITED, MG CONTENT DP LIMITED, and SBO PICTURES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WGCZ S.R.O., NKL ASSOCIATES S.R.O., STEPHANE MICHAEL PACAUD, DEBORAH MALORIE PACAUD, and Does 1-10 d/b/a XVIDEOS.COM and XNXX.COM, <br><br> Defendants. | CASE NO. 2:15-cv-8023 <br><br> **COMPLAINT FOR** <br><br> **(1)  COPYRIGHT INFRINGEMENT** <br> **(2)  CONTRIBUTORY COPYRIGHT INFRINGEMENT,** <br> **(3)  VICARIOUS COPYRIGHT INFRINGEMENT** <br><br> **Demand For Jury Trial** |

Mitchell
Silberberg &
Knupp LLP

7162375.1

1    Plaintiffs MindGeek S.à.r.l., MG Premium Ltd, MG Cyprus Ltd, MG

2  Content RK Limited, MG Content DP Limited, and SBO Pictures, Inc.

3  (collectively, "Plaintiffs"), by their attorneys Mitchell Silberberg & Knupp LLP,

4  for their Complaint against Defendants WGCZ S.R.O., NKL Associates S.R.O.,

5  Stephane Michael Pacaud, Deborah Malorie Pacaud, and Does 1-10 d/b/a

6  XVideos.com and XNXX.com (collectively, "Defendants"), allege as follows:

7

8                          **PRELIMINARY STATEMENT**

9        1.    This is an action for copyright infringement arising under 17 U.S.C.

10 § 501 *et seq.*  By this action, Plaintiffs, who are among the world's leading

11 producers and distributors of adult-oriented content, seek to put an immediate stop

12 to, and to obtain redress for, Defendants' massive and ongoing infringement and

13 misappropriation of their valuable copyrighted audiovisual works via Defendants'

14 network of affiliated websites, including but not limited to XVideos.com and

15 XNXX.com (collectively, the "XVideos Websites").

16       2.    The XVideos Websites are sites that purport to provide to members of

17 the public adult-oriented audiovisual works uploaded by users.  (Websites such as

18 the XVideos Websites often are referred to as "tube" sites.)  Defendants, via the

19 XVideos Websites, have copied to their servers millions of audiovisual works

20 ostensibly uploaded by their users, including tens or hundreds of thousands of

21 works owned by Plaintiffs.  Defendants then publicly performed, reproduced, and

22 distributed Plaintiffs' works to millions of people throughout the world, without

23 any license, justification, or defense.  Moreover, while Defendants have purported

24 to defend their conduct by invoking the "safe harbors" of Section 512(c) of the

25 Digital Millennium Copyright Act ("DMCA"), in fact, Defendants do not fully

26 comply with the core requirements of the safe harbors, including the requirements

27 that they take down infringing content after formal notice and terminate so-called

28 "repeat infringers."

Mitchell
Silberberg &
Knupp LLP

7162375.1

1

3.     This case is not about whether the DMCA applies to "tube" sites that store, publicly perform, and transmit to the public works uploaded by users. Instead, what this case seeks to address is the unlawful and unfair conduct of one particular group of websites that brazenly flouts the requirements of the DMCA by engaging in a pattern and practice of ignoring valid DMCA copyright notices and by failing to implement any serious "repeat infringer" policy, thereby enabling hundreds of individuals to continually infringe without any consequence.  By doing so, Defendants have lost the ability to invoke the DMCA safe harbor and are liable for all of the infringements on their system.  Accordingly, the Court should enjoin Defendants' conduct and award damages to Plaintiffs for Defendants' willful and deliberate infringement of thousands of their copyrights.

## JURISDICTION AND VENUE

4.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

5.     This Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Defendants in that, among other things: (a) Defendants are engaged in tortious conduct within the State of California and in this District, including by copying, displaying, and distributing Plaintiffs' copyrighted works, and (b) Defendants' conduct causes injury to Plaintiffs and their intellectual property within the State of California.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, omissions and events giving rise to the claims asserted in this Complaint occurred in this judicial district.

Mitchell
Silberberg &
Knupp LLP

7162375.1

2

1

## THE PARTIES

2     8.    Plaintiff MindGeek S.à.r.l. is, and at all relevant times was, a business

3 entity organized as a "Société à responsabilité limitée" under the laws of

4 Luxembourg, and has its principal place of business at 32 Boulevard Royal,

5 L-2249 Luxembourg City, Luxembourg.

6     9.    Plaintiff MG Premium Ltd is, and at all relevant times was, a private

7 company organized under the laws of the Republic of Cyprus, and has its principal

8 place of business at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial

9 Zone, Cyprus 2540. Plaintiff MG Premium Ltd is the holder of the copyrights

10 associated with "Brazzers.com," "MOFOS.com," "Babes.com," and

11 "Twistys.com."

12     10.    Plaintiff MG Cyprus Ltd is, and at all relevant times was, a private

13 company organized under the laws of the Republic of Cyprus, and has its principal

14 place of business at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial

15 Zone, Cyprus 2540. Plaintiff MG Cyprus Ltd is the holder of the copyrights

16 associated with "Men.com."

17     11.    Plaintiff MG Content RK Limited is, and at all relevant times was, a

18 private company organized under the laws of the Republic of Ireland, and has its

19 principal place of business at Fitzwilliam Business Centre, 77 Sir John Rogerson

20 Quay, Dublin, Ireland. Plaintiff MG Content RK Limited is the holder of the

21 copyrights associated with "RealityKings.com."

22     12.    Plaintiff MG Content DP Limited is, and at all relevant times was, a

23 private company organized under the laws of the Republic of Ireland, and has its

24 principal place of business at Fitzwilliam Business Centre, 77 Sir John Rogerson

25 Quay, Dublin, Ireland. Plaintiff MG Content DP Limited is the holder of the

26 copyrights associated with "DigitalPlayground.com."

27     13.    Plaintiffs MG Premium Ltd, MG Cyprus Ltd, MG Content RK

28 Limited, and MG Content DP Limited are, and at all relevant times were, indirectly

Mitchell
Silberberg &
Knupp LLP

7162375.1

3

1   wholly owned subsidiaries of MindGeek S.à.r.l.  For purposes of this Complaint,

2   MindGeek S.à.r.l. and its subsidiaries are collectively referred to as "MindGeek."

3         14.     Plaintiff SBO Pictures, Inc. is, and at all relevant times was, a

4   corporation existing under the laws of the State of California, and having its

5   principal place of business at 9040 Eton Ave, Canoga Park, CA, 91304.

6         15.     Defendant WGCZ S.R.O. is, and at all relevant times was, a limited

7   liability company existing under the laws of the Czech Republic, and having a

8   place of business at Praha 1 - Nové Město, Krakovská 1366/25, PSČ 110 00 Czech

9   Republic.

10         16.     Defendant NKL Associates S.R.O. is, and at all relevant times was, a

11   limited liability company existing under the laws of the Czech Republic, and

12   having a place of business at Praha 1 - Nové Město, Krakovská 1366/25, PSČ 110

13   00 Czech Republic.

14         17.     Upon information and belief, Defendant Stephane Michael Pacaud is,

15   and at all relevant times was, a shareholder and an executive of Defendant WGCZ

16   S.R.O. and of Defendant NKL Associates S.R.O.  Plaintiffs are informed and

17   believe, and on that basis aver, that Mr. Pacaud has a residence and a place of

18   business at Praha 1 - Nové Město, Krakovská 1366/25, PSČ 110 00 Czech

19   Republic.

20         18.     Upon information and belief, Defendant Deborah Malorie Pacaud is,

21   and at all relevant times was, a shareholder and an executive of Defendant WGCZ

22   S.R.O. and of Defendant NKL Associates S.R.O.  Plaintiffs are informed and

23   believe, and on that basis aver, that Ms. Pacaud has a residence at Villefranche sur

24   Saone, 37B avenue de la plage, Peniche Perle Noire, French Republic.

25         19.     Defendants Does 1 through 10 are the owners, operators, shareholders

26   executives, and affiliates of the XVideos Websites.  Plaintiffs are unaware of the

27   true names or capacities of Does 1 through 10.  Plaintiffs are informed and believe,

28   and on that basis aver, that Does 1 through 10 either (a) directly performed the acts

Mitchell
Silberberg &
Knupp LLP

7162375.1

4

1   alleged herein, (b) were acting as the agents, principals, alter egos, employees, or

2   representatives of the other Defendants, and/or (c) otherwise participated in the

3   acts alleged herein with the other Defendants.  Accordingly, Defendants Does 1

4   through 10 each are liable for all of the acts alleged herein because they were the

5   cause in fact and proximate cause of all injuries suffered by Plaintiffs as alleged

6   herein.  Plaintiffs will amend the Complaint to state the true names of Defendants

7   Does 1 through 10 when their identities are discovered.

8

9                   **FACTS GIVING RISE TO THIS ACTION**

10                        **Plaintiffs And Their Copyrights**

11        20.    Plaintiffs are industry-leading producers and distributors of high-

12   quality adult-oriented audiovisual content, which they produce and distribute under

13   various registered marks via their enormously popular Internet websites.

14        21.    MindGeek is the owner of one of the largest portfolios of premium

15   adult-oriented audiovisual content in the world.  MindGeek offers its content under

16   a number of different brands, including Brazzers.com, RealityKings.com,

17   MOFOS.com, DigitalPlayground.com, Twistys.com, Babes.com, and Men.com,

18   and all content produced and sold under those brands.

19        22.    MindGeek sells and distributes its content via its network of

20   subscription-based websites, via pay-per-view or on-demand video outlets, and on

21   physical media such as DVDs and Blu-Ray discs.  A representative list of

22   registered copyrights owned by MindGeek is attached hereto as Schedule A

23   (collectively, the "MindGeek Works").

24        23.    Plaintiff SBO Pictures, Inc. d/b/a Wicked Pictures ("Wicked") is the

25   owner of a portfolio of content offered under the "Wicked Pictures" brand.

26   Wicked sells and distributes its content via its website Wicked.com, via pay-per-

27   view or on-demand video outlets, and on physical media such as DVDs and Blu-

28   Ray discs.  A representative list of registered copyrights owned by Wicked is

Mitchell
Silberberg &
Knupp LLP

7162375.1                                  5

1  attached hereto as Schedule B (collectively, the "Wicked Works") (the "MindGeek
2  Works" and the "Wicked Works" collectively are referred to herein as the "Subject
3  Works").

4

5  **<u>Defendants And Their Unlawful Conduct</u>**

6         24.    Defendants own and operate the XVideos Websites.  The XVideos
7  Websites are dozens of websites that purport to be video-sharing platforms
8  (sometimes referred to as "tube" sites) that collect and aggregate adult-oriented
9  content uploaded by their members.  Defendants, via the XVideos Websites, then
10  distribute and publicly perform that content to members of the public on an on-
11  demand basis.

12         25.    XVideos.com, just one of the XVideos Websites, purports to be the
13  "Best Free Porn Site," featuring in excess of 10,000 new videos each day.  In the
14  normal course of operating the XVideos Websites, Defendants copy, adapt,
15  publicly perform, display, distribute, and otherwise disseminate to the public tens
16  or hundreds of thousands of audiovisual works each day.  Among the audiovisual
17  works copied, adapted, publicly performed, displayed, and distributed by
18  Defendants are numerous copies of Plaintiffs' Subject Works.  Indeed, during the
19  past 18 months alone, Defendants transmitted (i.e. publicly performed) copies of
20  the Subject Works in excess of *__100 million__* times, including via the videos
21  identified in Schedules A and B.  Plaintiffs have never authorized Defendants to
22  reproduce, distribute, publicly perform, or otherwise exploit the Subject Works via
23  the XVideos Websites.  To the contrary, the Subject Works that are reproduced,
24  distributed, publicly performed, and otherwise exploited by Defendants via the
25  XVideos Websites are the very same works that Plaintiffs sell to their customers
26  and on which their business depends.

27         26.    Defendants have claimed on their website that although "we are not a
28  United States company, and thus not subject to U.S. or Canadian law, we have

Mitchell
Silberberg &
Knupp LLP

7162375.1                                          6

adopted policies in an effort to voluntarily comply with anti-infringement laws such as the Digital Millennium Copyright Act ('DMCA')…. Pursuant to such policies, we assert safe harbor for liability related to the alleged copyright infringement committed by third parties." However, in fact, Defendants have systematically and consistently failed to comply with critical requirements of the DMCA. By way of example, and without limitation:

(a)   Defendants have failed to expeditiously remove infringing material after receiving actual and/or constructive notice of such infringement. Defendants frequently have waited weeks or months to take down infringing content after receiving a formal written notice of infringement from Plaintiffs. In some instances, Plaintiffs have been required to send multiple notices of infringement before their content is removed from the XVideos Websites.

(b)   Defendants have made no serious effort to terminate members of the XVideos Websites who consistently infringe Plaintiffs' copyrights (i.e. "repeat infringers") or to implement a repeat infringer policy. Many users retain active accounts with the XVideos Websites even after having been the subject of dozens of claims of infringement.

For these and other reasons, Defendants are unable to avail themselves of any of the protections accorded to service providers under the safe harbors of the DMCA and will be strictly liable for their reproduction, public performance, and distribution of Plaintiffs' content without authorization.

27.   Defendants' failure to comply with the take-down and repeat infringer requirements of the DMCA is a deliberate business decision. Defendants have derived significant revenue (including advertising revenue) in connection with their exploitation of the Subject Works via the XVideos Websites. Plaintiffs are informed and believe, and on that basis allege, that Defendants have attempted to differentiate themselves from other "tube" sites by offering more infringing content than their competitors who do comply with infringement notices and

terminate repeat infringers, and by being seen as a "safe haven" for those who seek to infringe copyrights.

28.     Plaintiffs are informed and believe, and on that basis aver, that each and every Defendant, individually, corporately, jointly, and/or severally, acted intentionally, knowingly, negligently, or through willful blindness, as an agent or representative of each and every other Defendant, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiffs' copyrighted intellectual property for profit and monetary gain.

## COUNT ONE

### Copyright Infringement

29.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 28, as if set forth fully herein.

30.     MindGeek is the owner of valid and registered copyrights in each of the MindGeek Works.

31.     Wicked is the owner of valid and registered copyrights in each of the Wicked Works.

32.     Defendants have infringed, and are continuing to infringe, Plaintiffs' copyrights by reproducing, adapting, distributing, publicly performing, and publicly displaying, and authorizing others to reproduce, adapt, distribute, publicly perform, and publicly display copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

33.     Plaintiffs have never authorized or given consent to Defendants to use their copyrighted works in the manner complained of herein.

34.     Defendants' acts of infringement are willful, in disregard of, and with indifference to the rights of Plaintiffs.

Mitchell
Silberberg &
Knupp LLP

7162375.1

8

35.     As a direct and proximate result of the infringements alleged herein, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

36.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

37.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis allege, that, unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Subject Works.  Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT TWO
### Contributory Copyright Infringement

38.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 28, as if set forth fully herein.

39.     Defendants' users have infringed, and are continuing to infringe, Plaintiffs' copyrights by reproducing, adapting, distributing, publicly performing, and publicly displaying copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

40.     Plaintiffs have never authorized or given consent to Defendants' users to use their copyrighted works in the manner complained of herein.

41.     Defendants have, with knowledge, materially contributed to or induced unauthorized reproductions, adaptations, distributions, public

1   performances, and public displays of the Subject Works by Defendants' users, and

2   thus Defendants have contributed to or caused the infringement of Plaintiffs'

3   copyrights.

4        42.    Defendants' acts of contributory infringement are willful, in disregard

5   of, and with indifference to the rights of Plaintiffs.

6        43.    As a direct and proximate result of the infringements alleged herein,

7   Plaintiffs are entitled to damages and to Defendants' profits in amounts to be

8   proven at trial, which are not currently ascertainable.  Alternatively, Plaintiffs are

9   entitled to maximum statutory damages of $150,000 for each copyright infringed,

10   or in such other amount as may be proper under 17 U.S.C. § 504(c).

11        44.    Plaintiffs further are entitled to their attorneys' fees and full costs

12   pursuant to 17 U.S.C. § 505.

13        45.    As a result of Defendants' acts and conduct, Plaintiffs have sustained

14   and will continue to sustain substantial, immediate, and irreparable injury, for

15   which there is no adequate remedy at law.  Plaintiffs are informed and believe, and

16   on that basis allege, that, unless enjoined and restrained by this Court, Defendants

17   will continue to infringe Plaintiffs' rights in the Subject Works.  Plaintiffs are

18   entitled to temporary, preliminary, and permanent injunctive relief to restrain and

19   enjoin Defendants' continuing infringing conduct.

20

21                            **COUNT THREE**

22                    **Vicarious Copyright Infringement**

23        46.    Plaintiffs reallege and incorporate by reference the allegations in

24   paragraphs 1 through 28, as if set forth fully herein.

25        47.    Defendants' users have infringed, and are continuing to infringe,

26   Plaintiffs' copyrights by reproducing, adapting, distributing, publicly performing,

27   and publicly displaying copyrighted portions and elements of the Subject Works,

28

Mitchell
Silberberg &
Knupp LLP

7162375.1

10

and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

48.     Plaintiffs have never authorized or given consent to Defendants' users to use their copyrighted works in the manner complained of herein.

49.     Defendants have the right and ability to supervise and control the infringing conduct of their users.  Defendants have failed and refused to exercise such supervision and control to limit infringement to the extent required by law.  As a direct and proximate result of such refusal, Defendants' users have infringed Plaintiffs' copyrights in the Subject Works, including by reproducing, adapting, distributing, publicly performing, and publicly displaying the Subject Works.

50.     Defendants derive a direct financial benefit from this infringement.

51.     Defendants' acts of vicarious infringement are willful, in disregard of, and with indifference to the rights of Plaintiffs.

52.     As a direct and proximate result of the infringements alleged herein, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

53.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

54.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis allege, that, unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Subject Works.  Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

Mitchell
Silberberg &
Knupp LLP

7162375.1

11

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, an Order:

1.     Preliminarily and permanently enjoining Defendants, their officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, affiliates, licensees, internet service providers, and all persons acting in concert or participation with them from infringing Plaintiffs' copyrighted works, including the Subject Works.

2.     Requiring Defendants to deliver to Plaintiffs all copies of materials that infringe or violate any of Plaintiffs' rights described herein.

3.     Requiring Defendants to provide Plaintiffs with an accounting of any and all revenue and profits derived from the exploitation or violation of any of Plaintiffs' copyrights.

4.     Awarding Plaintiffs monetary relief including damages sustained by Plaintiffs in an amount not yet determined, including actual damages and/or Defendants' profits, or statutory damages for copyright infringement and willful copyright infringement, in an amount up to $150,000 per infringed work, under 17 U.S.C. § 504, as appropriate.

5.     Awarding Plaintiffs their costs and attorneys' fees in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

//
//
//
//
//
//

Mitchell
Silberberg &
Knupp LLP

7162375.1

12

1     6.     Awarding such other and further relief as this Court may deem just

2   and appropriate.

3

4   DATED: October 13, 2015          DAVID A. STEINBERG
                                      MARC E. MAYER
5                                     EMILY F. EVITT
                                      MITCHELL SILBERBERG & KNUPP LLP
6

7

8                                     By:_____
                                          Marc E. Mayer
9                                         Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162375.1                                      13

1

## **JURY DEMAND**

2

3        Plaintiffs hereby demand a trial by jury on all matters and issues so triable.

4

5    DATED: October 13, 2015          DAVID A. STEINBERG
                                      MARC E. MAYER
6                                     EMILY F. EVITT
                                      MITCHELL SILBERBERG & KNUPP LLP
7

8

9                                     By:_____

10                                        Marc E. Mayer
                                          Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162375.1

14